FILED
SUPERIOR COURT
OF GUAM

2023 NOV 13 PM 5: 52

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,            )     CRIMINAL CASE NO. CF0097-23
                                   )     GPD Report No.: 23-02729
                                   )
      vs.                       )
                                   )     DECISION AND ORDER RE.
                                   )     DENYING DEFENDANT'S
                                   )     MOTION OF ACQUITTAL
BEN CASTRO CRISOSTOMO,       )     AFTER GUILTY VERDICTS
DOB: 10/31/1983                 )     AND ALTERNATIVE MOTION
                                   )     FOR A MISTRIAL
                                   )
             Defendant.        )
_____ )

## INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on August 15, 2023, for a hearing on Defendant Ben Castro Crisostomo's (the "Defendant) Motion for Judgment of Acquittal Based on Insufficiency of the Evidence, or in the Alternative, Declaration of Mistrial Based Upon Prosecutorial Misconduct (the "Motion"). Present at the hearing were Defendant, Assistant Alternate Public Defender Peter Santos and Assistant Attorney General Leah Diaz-Aguon. Following oral argument by the parties, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. After considering the pleadings on file, the arguments at

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page 1 of 12

the hearing by both parties, and after reviewing the applicable statutes and case law, the Court now issues this Decision and Order DENYING the Defendant's Motion on both asserted grounds.

## FACTUAL & PROCEDURAL BACKGROUND

Defendant was charged via Indictment with Aggravated Assault (As a 3rd Degree Felony), Terrorizing (As a 3rd Degree felony), Child Abuse (As a Misdemeanor) and Family Violence (As a Misdemeanor). Indictment, Feb. 15, 2023. Defendant asserted his right to speedy trial and jury selection began on April 5, 2023, and trial continued until April 25, 2023, when the jury returned a unanimous verdict convicting Defendant of all charges. *See* Minute Entry Jury Trial – Deliberation at 1:59:39 PM to 2:01:09 PM (Apr. 25, 2023); Verdict Forms 1 – 5.

On May 5, 2023, ten (10) days after the verdict was rendered, Defendant filed the instant Motion arguing that the guilty verdicts were wholly unsupported and uncorroborated by the evidence at trial. Defendant does not name the specific witness whose testimony was unsupported by the evidence at trial, but merely identifies the witness as "the sole percipient witness that testified (victim)". Motion at p. 3, ll. 3 – 4 (May 5, 2023). In the alternative, the Defendant argues that the Government committed prosecutorial misconduct "by vouching in his closing arguments to the extreme prejudice of the Defendant's constitutional rights." Id. at p. 4, ll 1 – 3.

On May 8, 2023, the People filed their Opposition to Defendant's Motion for Judgment of Acquittal or Mistrial, and an Amended Opposition on May 9, 2023, arguing first, that the Defendant's Motion for a judgment of acquittal was untimely because the Defendant filed his motion eleven (11) days after the jury was discharged, and second, the Defendant's Motion is frivolous and without merit because a) the Defendant acknowledged that there was sufficient

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page 2 of 12

evidence to send the case to the jury and waived a sufficiency-of-the-evidence challenge, and b) the People did not engage in vouching, and even if it had, its unobjected to statements did not affect the Defendant's substantial rights.

## LEGAL ANALYSIS

### A. Defendant's Motion for Judgment of Acquittal Was Untimely.

A Motion made after a guilty verdict is provided for in Guam law. 8 GCA § 100.30 specifically provides:

> **If a jury returns a verdict of guilty** or is discharged without having returned a verdict, a **motion for judgment of acquittal may be made or renewed** *within seven days* **after the jury is discharged or within such further time as the court may fix during the seven-day period**. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

8 GCA § 100.30 (*emphasis added*).

In this instant case, jury selection and trial date were set on April 5, 2023 in accordance with the Defendant's asserted right to jury trial and request for a jury of twelve (12). The jury returned with a unanimous verdict for all charges in the Indictment on April 25, 2023. Defendant's Motion was filed on May 5, 2023. In view of this, the Court finds that the Defendant's Motion was filed outside of the seven-day period after a guilty verdict and, therefore, untimely.

In his opening pleading, the Defendant attempts to cure this defect by declaring that, because defense counsel made an oral representation at the return of the verdict "that Defendant intended to file a motion for Judgment of Acquittal," this somehow stops the ten-day clock imposed on a defendant seeking a judgment of acquittal following a verdict without having filed

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page 3 of 12

a written Motion within the time provided under the statute. *See Motion at 2, ll. 1 – 5. It does not.* Compliance with the Rules of Criminal Procedure is compulsory, not optional. Moreover, at no time did the Defendant seek an extension of time as may be permitted under Section 100.30. On this basis alone, the Court may dismiss Defendant's Motion. However, given the importance of the Motion to the Defendant, the Court shall consider the substantive merits of the Motion.

**B. Defendant Failed to Establish His Burden of Establishing that Evidence was Legally Insufficient to Sustain a Guilty Verdict.**

A motion for judgment of acquittal should be granted "if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 GCA § 100.10. Under Guam law, "[t]he trial court determines whether a motion for judgment of acquittal should be granted by applying the same test used when the sufficiency of evidence is challenged." *People v. George*, 2012 Guam 22 ¶ 47 (citing *People v. Song*, 2012 Guam 21 ¶ 26). As Defendant correctly notes, "[i]n determining whether there exists sufficient evidence to sustain a defendant's conviction, we review the evidence presented at trial in the light most favorable to the People and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 'This is a 'highly deferential standard of review.'" *People v. Martin*, 2018 Guam 7 ¶ 23 (June 14, 2018)(quoting *Song* at ¶ 26)). However, "it is not the province of the court ... to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *People v. Taisacan*, 2018 Guam 23 ¶ 17 (omission in original)(quoting *Song*, 2012 Guam 21 ¶ 29).

When ruling on a motion for judgment of acquittal, a court is only "concerned with the existence or nonexistence, not its weight." *People v. Quitugua*, 2015 Guam 27 ¶ 76 (citing

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page 4 of 12

*George*, 2012 Guam ¶ 51); See also, *People v. Kotto*, 2020 Guam 4 (Apr. 7, 2020). Accordingly, it is the role of the jury as the trier of fact, and not this court, to fairly "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts." *People v. Quinata*, 1999 Guam 6 ¶ 14. Moreover, the burden is on the Defendant to establish "that the evidence was legally insufficient to sustain a guilty verdict." *People v. Pinaula*, 2023 Guam 2 ¶¶ 60, 73 (citing *Kotto* at ¶ 29 (citations omitted)). The Guam Supreme Court has acknowledged that a defendant seeking a judgment of acquittal has a high burden to meet before the Court may grant his Motion. *Id.*

In support of his motion, Defendant submits a single conclusory paragraph for the Court's consideration:

> In the case at bar, there was testimonial evidence of the victim, presented by prosecution, that even in a light most favorable to the prosecution, was uncorroborated by the physical evidence, and the sole percipient witness that testified (victim) had contradicted herself countless times on the witness stand and was inconsistent in her story at least ten times when providing statements to different authorities or service providers, to include a written declaration to the Superior Court under penalty of perjury. Given all this, there is no conceivable way a rational trier of fact could have arrived at a conclusion of guilt without reasonable doubt.

Mot. at p. 2, ll. 1 – 9. Defendant does not name the "sole percipient witness that testified (victim)" but the Court can glean from the Indictment and the trial that he is referring to Jennifer Wisstig, as the only other named victim is a minor under three years of age (Z.W. (DOB: 12.27. 2020) and did not testify at the trial of this matter. Unfortunately, Defendant's Motion fails to identify the evidence which establishes the contradictory and inconsistent statements or to present the written declaration or even the statements made therein which would have established the inconsistencies

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page 5 of 12

which were so glaring that "there is no conceivable way a rational trier of fact could have arrived at a conclusion of guilt without reasonable doubt." The Defendant also fails to establish how the People's burden was not met by the evidence presented at trial. In other words, merely reciting the standard without applying the facts to the legal standard is insufficient to satisfy the Defendant's burden of establishing that the evidence was legally insufficient to sustain the verdict.

Even if Defendant pointed out the portions of the Victim's testimony which were supposedly inconsistent and collectively insufficient to establish guilt beyond a reasonable doubt, the trial court does not act as the trier of fact to weigh the credibility of the witnesses – for that is the job solely for the jury as the trier of fact. The trial court is only concerned with the existence or nonexistence of the evidence, not the weight to give such evidence. *Kotto* at ¶ 29 (citing *Song*, 2012 Guam 21 ¶ 29). Ms. Wusstig testified before the jury over the course of three (3) separate days: April 6, April 7, and April 18, 2023. Ms. Wusstig also testified about the content of several exhibits which had been admitted into evidence for the jury's consideration, including: Exhibits 11A – 11M, 12, 13A – 13X, 14A – 14F, 15, and 16.[1] Defendant had the opportunity on April 7 and April 18, 2023, to cross-examine Ms. Wusstig regarding her testimony and to elicit any inconsistencies about which he now argues.

In addition to Ms. Wusstig, eight (8) other witnesses testified at trial for the prosecution: GPD Officer Tonilynn Villanueva, GPD Officer Restituto Guevara, GPD Officer Donald Nakamura, GPG Officer MaryJane Raval, GPD Officer E.J. Orallo, Lorraine Wusstig, Emergency

---

[1] Min. of Jury Trial of April 6, 2023; Min. of Jury Trial of April 7, 2023; Min. of Jury Trial of April 18, 2023.

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page 6 of 12

Medical Technician (EMT) Luke Camaco, and Dr. Carl Vontrampe. Finally, the jury heard the Defendant's sworn testimony as he took the witness stand on April 9 and 21, 2023. Without more in his Motion and during oral arguments,[2] the Defendant has failed to satisfy his burden of proving that – despite the testimony and evidence produced at trial – the government has failed to sustain its burden of proof.

Consequently, after crediting all the People's evidence and drawing every reasonable inference from it in favor of the prosecution, the Court finds that a rational trier of fact could find the Defendant guilty of the charges against him beyond a reasonable doubt. For these reasons, the Court **DENIES** Defendant's Motion for Judgment of Acquittal.

## C. Defendant's Request for a Mistrial Based Upon Prosecutorial Misconduct

### 1. Defendant's motion is noncompliant with CR 1.1.

Defendant also seeks an order from this Court declaring a mistrial due to prosecutorial misconduct during closing arguments. Mot. at pp. 1, 2 and 3. In this regard, he submits:

> In closing arguments, the prosecution asked the jury to ponder if Ms. Wusstig was guilty of aggravated assault, why didn't the police arrest her? Why was it only Mr. Crisostomo that was arrested and charged? Improper vouching generally occurs in two situations: (1) the prosecutor "suggests that the government is aware of evidence not presented to the jury which would tend to support a particular witness' testimony"; or (2) the prosecutor "places the 'prestige of the government behind the witnesses through personal assurances of their veracity . . . . " *People vs. Meseral,* Guam 2014 Guam 13 ¶ 35. In this case, the prosecutor squarely placed the prestige of the government behind Ms. Wusstig, whose statements and testimony were the only evidence proffered to prove the defendant's guilt.

---

[2] Defendant did not file a Reply in support of his Motion, although he had the opportunity to do so.

*People of Guam vs Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page **7** of 12

Mot. at p. 3, ll. 10 – 20. However, other than *Meseral* which is cited merely for the definition of "improper vouching," the Defendant does not cite to any legal authority in support of his motion for a mistrial. This is a violation of CR 1.1 of the Criminal Procedure Rules which mandates as follows:

**CR 1.1 Pleadings and Pretrial Motions**

(a) Applicability. The provisions of this Rule shall apply to all criminal cases, unless otherwise ordered by the court or provided by statute, or the Local Rules of the Superior Court of Guam.

(b) Motions. (1) Required Pleadings. An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. **It shall state the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority** and may also be supported by affidavit. The motion shall also include copies of all documentary evidence that the moving party intends to submit in support of the motion. Additionally, all motions and each response or opposition thereto shall contain a statement whether an evidentiary hearing is requested, and an estimate of the time required for the presentation of the evidence and/or arguments. The reply brief shall contain a re-estimate of the time or a statement that the original estimate is unchanged.

Defendant's alternative motion for a mistrial is unsupported by any legal authority within his moving papers other than *Meseral* which, without a proper analysis from Defendant within the context of the particular statements, provides the Court with nothing but speculation and conjecture about what was objectionable within the alleged statements sufficient to warrant the extreme relief of a mistrial. On this basis alone, this Court may disregard Defendant's Motion. However, notwithstanding such failure to cite any legal authority as required under the Rules, the Court shall consider the motion given its importance to the Defendant.

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page 8 of 12

## 2. The Prosecutor's statement was not "improper vouching."

The trial court has discretion "to decide whether a given incident merits a mistrial." *People v. Aguon*, 2020 Guam 24 ¶ 22 (quoting *United States v. Nace*, 561 F.2d 763, 768 (9th Cir. 1977). Granting a mistrial is an extraordinary measure reserved for "plain and obvious causes." *Id.* at ¶ 27 (citing *United States v. Gann*, 732 F.2d 714, 725 (9th Cir. 1984). "[I]n order for a prosecutorial misconduct claim to succeed, the [defendant] must be able to show that the 'prosecutor's comments so infected the trial with unfairness as to make the [possible] resulting conviction a denial of due process.'" *People v. Joshua*, 2015 Guam 32 ¶ 25 (quoting *People v. Evaristo*, 1999 Guam 22 ¶ 20). To warrant reversal, the Defendant must demonstrate that it is "more probable than not that the misconduct affected the jury's verdict." *Id.*, see *Evaristo* at ¶ 18. Further, "a trial judge may cure the effect of improper prosecutorial misconduct by giving appropriate curative instructions to the jury." *Id.* Of course, whether a curative instruction could have been given to the jury is irrelevant here, where Defendant did not object during the trial to the statements now the subject of the mistrial motion.

Defendant claims that the objectionable statements made by the prosecution during his closing arguments were as follows: "...the prosecution asked the jury to ponder if Ms. Wusstig was guilty of aggravated assault, why didn't the police arrest her? Why was it only Mr. Crisostomo that was arrested and charged?" However, as the prosecution points out in his Opposition, the comments that the People made were as follows: "It also should be noted that, despite [Defendant] Ben's denials, the police arrested him, not [J.W.]. If [J.W.] was lying, why didn't the police arrest her?" People's Amended Opp. at p. 11. The threshold question is whether

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page **9** of **12**

the comments made by the prosecutor constitute improper vouching under *Meseral*, which Defendant cites. The Court finds that the prosecutor's statements *do not* constitute improper vouching under *Meseral*.

"Improper vouching generally occurs in two situations: (1) the prosecutor "suggests that the government is aware of evidence not presented to the jury which would tend to support a particular witness' testimony;" or (2) the prosecutor "places the 'prestige of the government behind the witnesses through personal assurances of their veracity....'" *Guam v. Meseral*, 2014 Guam 13 ¶ 35 (citing *Guam v. Ueki*, 1999 Guam 4 ¶ 19 (quoting *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir.1991)); see also *Guam v. Evaristo*, 1999 Guam 22 ¶ 29)). The Guam Supreme Court in *Meseral* rejected the Defendant's complaint that statements made by the prosecutor constituted improper vouching because the prosecutor merely referred to evidence that had already been presented to the jury as facts testified to by the witnesses. *Id.* at ¶ 36. Similarly, the Prosecutor during his closing argument in this case merely referred to evidence which had been elicited during the testimony of other witnesses as to why Ms. Wusstig not arrested for hitting Defendant with a hammer, as was testified to by many of the witnesses, including the Victim, during the trial.

The People specifically cite the testimony of GPD Officer Arthur Diola who testified that the Victim was not arrested "despite Defendant's denials of [the Victim's] statements and testimony that J.W. had hit him with the hammer completely unprovoked. Accordingly, the People's comments were based on testimony given at trial and not improper." People's Amended Opp. at p. 11, ll. 20 – 26.

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page **10** of **12**

The Court finds that the Prosecutor's comment is not improper vouching under *Meseral* because it neither "suggests that the government is aware of evidence not presented to the jury which would tend to support a particular witness' testimony" nor "places the 'prestige of the government behind the witnesses through personal assurances of their veracity....'". The statement made by the Prosecution in this little snippet now objected to by Defendant was merely a restatement of testimony by Officer Diola that the Victim was not arrested despite hitting the Defendant on the head with a hammer and despite the Defendant's testimony that he had no idea why he was hit by the Victim. Min. Jury Trial of April 24, 2023 at 10:46:00 AM to 10:47:04 AM. This statement was also made in the context of the prosecution's closing argument urging the jury to consider Ms. Wusstig's lack of a motive to lie and to apply common sense and experience to determine whether Ms. Wusstig was testifying truthfully. This is permitted under *Meseral*.

The Court may end its inquiry here; however, the Court will apply the Guam Supreme Court's analysis for determining whether allegations of vouching by the prosecution should result in a mistrial in the instance the objection was not raised during trial. See *People v. Roten*, 2012 Guam 3, ¶ 38 (citing *United States v. Williams*, 989 F.2d 1061 (9th Cir. 1993)). Thus, this Court considers the following factors in determining the effect of the prosecutor's vouching on the outcome of the case: (1) the form of the vouching, (2) the extent of the personal opinion asserted, (3) the extent to which a prosecutor's statements exhibited extra record knowledge supporting a witness' veracity, and (4) the testimony's import viewed in the context of the case as a whole. *Id.* (citing *Evaristo* ¶ 32 (citing *People v. Ueki*, 1999 Guam 4 ¶ 24 (citing *Williams*, 989 F.2d at 1072)). Where "[u]pon review of the record, it would appear that the jury was free to judge for

*People of Guam vs Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re. Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page **11** of 12

itself the weight of the evidence presented and the credibility of the testifying witnesses," then there is no error affecting substantial rights. *Evaristo*, 1999 Guam 22 ¶ 34.

Considering the singular statement which is the basis of Defendant's motion for a mistrial and which the Court has found is not improper vouching by the prosecution, the Court finds that applying the factors in *Roten* the extraordinary remedy of a mistrial is unjustified in this case: (1) it was not improper vouching, but a restatement of testimony elicited during the trial, (2) no personal opinion was exerted by the prosecutor, (3) the prosecutor's statements did not exhibit extra record knowledge supporting a witness' veracity, but, as the Court has determined, was merely a restatement of testimony at trial and (4) the testimony's import viewed in the context of the case as a whole was of minimal effect, given that the statement was made in the context of urging the jury to apply its common sense and life experience to determine whether Ms. Wusstig had a motive to lie. Applying these factors, Defendant's Motion for a Mistrial in the alternative is DENIED.

## CONCLUSION

For the above reasons, the Defendant's Motion for Acquittal Based on Insufficiency of the Evidence is **DENIED.** Moreover, Defendant's Motion in the Alternative for a Declaration of Mistrial Based Upon Prosecutorial Misconduct is **DENIED.**

**SO ORDERED** this 13th day of November, 2023.

_____
HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

*People of Guam vs. Ben Castro Crisostomo*
Criminal Case No. CF0097-23
Decision and Order re Denying Defendant's Motion for Judgment of Acquittal
Or for a Mistrial in the Alternative
Page **12 of 12**